UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA        :       SEALED SUPERSEDING
                                        INDICTMENT
        - v. -                  :
                                        S5 17 Cr. 283 (LAP)
JORGE IRIZARRY,                 :
    a/k/a "Gito,"
                                :
        Defendant.
                                :
- - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: FEB 14 2019

COUNT ONE
(Racketeering Conspiracy)

The Grand Jury charges:

THE ENTERPRISE

1.    At all times relevant to this Indictment, JORGE IRIZARRY, a/k/a "Gito," the defendant, and others known and unknown, were members and associates of the Wild Card Crips, a criminal organization whose members and associates engaged in, among other things, murder, attempted murder, assault, and narcotics trafficking. The Wild Card Crips operated principally in the Bronx, New York.

2.    The Wild Card Crips, including its leadership, membership, and associates, constituted an "enterprise" (hereinafter the "Wild Card Crips Enterprise"), as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact, although not a legal entity. The Wild Card Crips Enterprise constituted an ongoing

organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Wild Card Crips Enterprise. At all times relevant to this Indictment, the Wild Card Crips Enterprise has engaged in, and its activities affected, interstate and foreign commerce.

## PURPOSES OF THE ENTERPRISE

3. The purposes of the Wild Card Crips Enterprise included the following:

   a. Preserving and protecting the power of the Wild Card Crips Enterprise and its members and associates through murder, attempted murder, other acts of violence, and threats of violence.

   b. Promoting and enhancing the Wild Card Crips Enterprise and the activities of its members and associates.

   c. Enriching the members and associates of the Wild Card Crips Enterprise through, among other things, the distribution of narcotics, including heroin, cocaine base, cocaine, and marijuana.

## MEANS AND METHODS OF THE ENTERPRISE

4. Among the means and methods employed by the members and associates in conducting and participating in the conduct of the affairs of the Wild Card Crips Enterprise were the following:

   a. Members and associates of the Wild Card

Crips Enterprise committed, conspired to commit, and attempted to commit acts of violence, including murder, attempted murder, and assault to protect and expand the Wild Card Crips Enterprise's criminal operations, and in connection with rivalries with members of street gangs, such as the Bloods and the Trinitarios.

        b.    Members and associates of the Wild Card Crips Enterprise used physical violence and threats of violence, including murder and attempted murder, against others, including in particular rival gang members and rival narcotics traffickers.

        c.    Members and associates of the Wild Card Crips Enterprise sold narcotics, including heroin, cocaine base, cocaine, oxycodone, and marijuana.

### THE RACKETEERING VIOLATION

    5.    From at least in or about 2012, up to and including in or about May 2017, in the Southern District of New York and elsewhere, JORGE IRIZARRY, a/k/a "Gito," the defendant, and others known and unknown, being persons employed by and associated with the racketeering enterprise described in paragraphs 1 through 4 of this Indictment, namely, the Wild Card Crips, an enterprise which engaged in, and the activities of which affected, interstate and foreign commerce, knowingly combined, conspired, confederated, and agreed together and with

others to violate the racketeering laws of the United States, to wit, Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the Wild Card Crips Enterprise through a pattern of racketeering activity as that term is defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisting of multiple acts involving murder that are chargeable under the following provisions of state law:

> New York Penal Law, Sections 20.00, 125.25 and 125.27 (murder);
>
> New York Penal Law, Sections 20.00, 110.00 and 125.25 (attempted murder);
>
> New York Penal Law, Sections 105.15 and 125.25 (conspiracy to murder); and

multiple offenses involving the felonious manufacture, importation, receiving, concealment, buying, selling, and otherwise dealing in controlled substances, including one kilogram and more of mixtures and substances containing a detectable amount of heroin, 280 grams and more of mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as "crack," five kilograms and more of mixtures and substances containing a detectable amount of cocaine, and quantities of oxycodone and mixtures and substances containing a detectable amount of marijuana, in violation of the

laws of the United States, specifically Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(1)(A), (b)(1)(C), (b)(1)(D), and 846, and Title 18, United States Code, Section 2.

6. It was a part of the conspiracy that JORGE IRIZARRY, a/k/a "Gito," the defendant, agreed that a conspirator would commit at least two acts of racketeering in the conduct of the affairs of the Wild Card Crips Enterprise.

## NOTICE OF SPECIAL SENTENCING FACTOR

7. On or about March 13, 2015, in the Southern District of New York, JORGE IRIZARRY, a/k/a "Gito," the defendant, and others known and unknown, knowingly murdered and aided and abetted the murder of Johnathan Martinez, a/k/a "Tico," in the vicinity of 194th Street and Valentine Avenue in the Bronx, New York, in violation of New York Penal Law, Sections 125.25, 125.27, and 20.00, in that, (i) with intent to cause the death of another person, IRIZARRY caused the death of Martinez, and aided and abetted the same, and (ii) under circumstances evincing a depraved indifference to human life, IRIZARRY recklessly engaged in conduct which created a grave risk of death to another person, and thereby caused the death of Martinez, and aided and abetted the same.

(Title 18, United States Code, Section 1962(d).)

COUNT TWO
(Murder in Aid of Racketeering)

The Grand Jury further charges:

8. At all times relevant to this Indictment, the Wild Card Crips, as described in paragraphs 1 through 4 of Count One of this Indictment, which are repeated and incorporated by reference as though fully set forth herein, including its leadership, members, and associates, constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, an association in fact of individuals that was engaged in, and the activities of which affected, interstate and foreign commerce. The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

9. At all times relevant to this Indictment, the Wild Card Crips, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1959(b)(1), namely acts involving murder, in violation of New York Penal Law, and offenses involving narcotics trafficking, in violation of Title 21, United States Code, Sections 812, 841, and 846.

10. On or about March 13, 2015, in the Southern District of New York, JORGE IRIZARRY, a/k/a "Gito," the defendant, and others known and unknown, for the purpose of

6

gaining entrance to and maintaining and increasing position in the Wild Card Crips, an enterprise engaged in racketeering activity, as described above, knowingly murdered and aided and abetted the murder of Johnathan Martinez, a/k/a "Tico," in the vicinity of 194th Street and Valentine Avenue in the Bronx, New York, in violation of New York Penal Law, Sections 125.25, 125.27, and 20.00, in that, (i) with intent to cause the death of another person, IRIZARRY caused the death of Martinez, and aided and abetted the same, and (ii) under circumstances evincing a depraved indifference to human life, IRIZARRY recklessly engaged in conduct which created a grave risk of death to another person, and thereby caused the death of Martinez, and aided and abetted the same.

(Title 18, United States Code, Sections 1959(a)(1) and 2.)

### COUNT THREE
(Use of a Firearm for the Murder of Johnathan Martinez)

The Grand Jury further charges:

On or about March 13, 2015, in the Southern District of New York, JORGE IRIZARRY, a/k/a "Gito," the defendant, and others known and unknown, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the murder in aid of racketeering charged in Count Two of this Indictment, willfully and knowingly did use and carry a firearm, and, in furtherance of such crime of

7

violence, did possess a firearm, and in the course of that crime of violence did cause the death of a person through the use of a firearm, which killing is murder as defined in Title 18, United States Code, Section 1111(a), and did aid and abet the same, to wit, IRIZARRY shot and killed Johnathan Martinez, a/k/a "Tico," and aided and abetted the shooting and killing of Martinez, in the vicinity of 194th Street and Valentine Avenue in the Bronx, New York.

(Title 18, United States Code, Sections 924(j)(1) and 2.)

## COUNT FOUR
(Firearms Offense)

The Grand Jury further charges:

11. From at least in or about 2012, up to and including in or about May 2017, excluding on or about March 13, 2015, in the Southern District of New York, JORGE IRIZARRY, a/k/a "Gito," the defendant, and others known and unknown, during and in relation to a crime of violence and drug trafficking offense for which they may be prosecuted in a court of the United States, namely, the racketeering conspiracy charged in Count One of this Indictment, knowingly did use and carry firearms, and, in furtherance of such crime of violence and drug trafficking offense did possess firearms, and did aid

8

and abet the use, carrying, and possession of firearms, some of which were brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), (iii) and 2.)

## COUNT FIVE
(Narcotics Conspiracy)

The Grand Jury further charges:

12. From at least in or about 2012 up to and including in or about May 2017, in the Southern District of New York and elsewhere, JORGE IRIZARRY, a/k/a "Gito," the defendant, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

13. It was a part and an object of the conspiracy that JORGE IRIZARRY, a/k/a "Gito," the defendant, and others known and unknown, would and did distribute and possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

14. The controlled substances that JORGE IRIZARRY, a/k/a "Gito," the defendant, conspired to distribute and possess with intent to distribute were: (a) one kilogram and more of mixtures and substances containing a detectable amount of heroin, in violation of Title 21, United States Code, Section 841(b)(1)(A); (b) 280 grams and more of mixtures and substances containing a detectable amount of cocaine base, in a form

commonly known as "crack," in violation of Title 21, United States Code, Section 841(b)(1)(A); (c) five kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(A); (d) oxycodone, in violation of Title 21, United States Code, Section 841(b)(1)(C), and (e) mixtures and substances containing a detectable amount of marijuana, in violation of Title 21, United States Code, Section 841(b)(1)(D).

(Title 21, United States Code, Section 846.)

## COUNT SIX
(Firearms Offense)

The Grand Jury further charges:

15. From at least in or about 2012, up to and including in or about May 2017, in the Southern District of New York, JORGE IRIZARRY, a/k/a "Gito," the defendant, and others known and unknown, during and in relation to a drug trafficking offense for which they may be prosecuted in a court of the United States, namely, the narcotics conspiracy charged in Count Five of this Indictment, knowingly did use and carry firearms, and, in furtherance of such drug trafficking offense, did possess firearms, and did aid and abet the use, carrying, and possession of firearms.

(Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2.)

SPECIAL FINDINGS AS TO ALL IRIZARRY

16. Counts Two and Three of the Indictment are realleged and incorporated by reference as though fully set forth herein. As to Counts Two and Three of the Indictment, alleging the murder of Johnathan Martinez, a/k/a "Tico," JORGE IRIZARRY, a/k/a "Gito," the defendant:

    a. was 18 years of age or older at the time of the offenses;

    b. intentionally killed the victim (Title 18, United States Code, Section 3591(a)(2)(A));

    c. intentionally inflicted serious bodily injury that resulted in the death of the victim (Title 18, United States Code, Section 3591(a)(2)(B));

    d. intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offenses, and Martinez died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C)); and

    e. in the commission of the offenses, knowingly created a grave risk of death to one and more persons in addition to the victim of the offenses (Title 18, United States Code, Section 3592(c)(5)).

11

## FORFEITURE ALLEGATION AS TO COUNT ONE

17.  As a result of committing the offense alleged in Count One of this Indictment, JORGE IRIZARRY, a/k/a "Gito," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1963, any and all interests the defendant acquired or maintained in violation of Title 18, United States Code, Section 1962; any and all interests in, securities of, claims against, and property or contractual rights of any kind affording a source of influence over, the enterprise named and described herein which the defendants established, operated, controlled, conducted, and participated in the conduct of, in violation of Title 18, United States Code, Section 1962; and any and all property constituting and derived from proceeds obtained, directly and indirectly, from racketeering activity in violation of Title 18, United States Code, Section 1962, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense alleged in Count One of this Indictment.

## FORFEITURE ALLEGATION AS TO COUNT FIVE

18.  As a result of committing the offense alleged in Count Five of this Indictment, JORGE IRIZARRY, a/k/a "Gito," the defendant, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property

constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the said offense and any and all property used, or intended to be used, in any manner or part, to commit and to facilitate the commission of, said offense, including but not limited to a sum in United States currency representing the amount of proceeds traceable to the commission of said offense.

## Substitute Assets Provision

19. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third person;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m); Title 21, United States Code, Section 853(p); and Title 28 United States Code, Section

2461(c), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 981, 1963; Title 21, United States Code, Section 853; and Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
GEOFFREY S. BERMAN
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA**

- v. -

**JORGE IRIZARRY, a/k/a "Gito,"**

Defendant.

---

**SEALED SUPERSEDING INDICTMENT**

S5 17 Cr. 283 (LAP)

(18 U.S.C. §§ 924(c), 924(j), 1959(a)(1), 1962(d), and 2;
and 21 U.S.C. § 846.)

GEOFFREY S. BERMAN
United States Attorney.

**A TRUE BILL**

_____
Foreperson.

2/14/19   Filed Indictment under seal
          Arrest warrant issued          USMJ Fox

15

MQ